# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-00237-01-CR-W-NKL |
| | ) | |
| CALVIN ANTHONY LEAR, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RULE 12(d) MOTION FOR RULING ON PRETRIAL MOTIONS NO LATER THAN THE FRIDAY BEFORE TRIAL

COMES NOW, the United States of America, by its Acting United States Attorney, Matt J. Whitworth, and by Assistant United States Attorney, Katharine Fincham, both for the Western District of Missouri, and respectfully moves this Court pursuant to Federal Rule of Criminal Procedure 12(d) for a ruling on its two pretrial Motions For Order On The Admissibility Of Evidence Pursuant To Rule 104 no later than the Friday before the trial setting in this case, that is, no later than March 20, 2009, because the deferral of such a ruling will adversely affect the Government's right to appeal an adverse ruling by this Court, and would greatly inconvenience the Court, witnesses, and parties to the case. In support of this Motion, the Government states as follows:

1.       Defendant Calvin Anthony Lear has been charged with seven counts of receipt of child pornography, one count of attempted receipt of child pornography, and

one count of possession of child pornography.

2.  The Government has filed two motions seeking orders allowing the Government to briefly show the jury select images of child pornography (ecf Docs. 34 and 41).

3.  In its initial Motion For Order On The Admissibility Of Evidence Pursuant To Rule 104 (Doc. 34, filed November 17, 2008), the Government sought an Order specifically allowing the publishing of segments of the child pornography videos which are the subject matter of the seven receipt counts and the possession count of the indictment.  This Motion sought the requested publication whether or not the defense stipulates to one or more elements of the offenses relating to the content of the videos (for example, the minority of one or more of the participants; the fact that the children are actual minors–as opposed to computer generated representations of minors; and that one or more of the minors is engaged in sexual activity prohibited by statute).  In any event, to date the defense has refused to stipulate to anything.

4.  If the Court denies this portion of the first Motion, the Government will not be able to prove its case.  Even if the defense stipulates to elements of the offense at the last hour, the Government must be allowed to present the full force of its case by publishing a reasonable amount of the direct evidence to the jury.  Case law supporting this position has been forwarded to the Court in the referenced Motions.

5.  Therefore, if the Court will not approve the proposed publication of at least

2

a portion of the images which are the subject matter of the Indictment, the Government will be forced to seek an interlocutory appeal of the Court's ruling.

6.　　　Federal Rule of Criminal Procedure 12(d) provides in pertinent part:　"The court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal."

7.　　　The Court has indicated through its staff, and through an Order entered on March 13, 2009 (ecf Doc. 45),  that it will rule on pretrial motions at a pretrial conference to be held at 8:15 a.m the day of trial (Tuesday, March 24, 2009), and will proceed to jury selection at 9 a.m. on the same day.  This leaves little time for the Government to file its Notice of Appeal in the event of an adverse ruling, and therefore adversely affects the Government's appellate rights, in derogation of Rule 12(d).

8.　　　In the event of an adverse ruling, the Government will file as soon as possible a Notice of Appeal and a certification pursuant to 18 U.S.C. § 3731.  These filings will divest the Court of jurisdiction and of the ability to empanel a jury in this case. *United States v. Johnson*, 228 F.3d 920, 923-24 (8th Cir. 2000).  The certification alone is sufficient to confer jurisdiction on the Court of Appeals; the appellate court will not look behind the certification of materiality to determine whether or not jurisdiction lies.  *Id*. at 924.  Once the government files a notice of an interlocutory appeal pursuant to 18 U.S.C. § 3731, jurisdiction over the case is transferred from the district court to the Court of Appeals.  *United States v. Centracchio*, 236 F.3d 812, 813 (7th Cir. 2000).  Consequently,

3

the filing of the Notice of Appeal under § 3731 precludes the district court from empaneling a jury in that case. *Id*. at 814; *United States v. Brooks*, 145 F.3d 446, 454 (1st Cir. 1998); *United States v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995).

9.     Therefore, an adverse ruling will require the cancellation of the trial on Tuesday, March 24.  In addition to adversely affecting the Government's right to appeal, a delayed ruling would result in significant inconvenience to the Court, court personnel, potential jurors, the defendant and defense counsel, and the Government and its witnesses.  The United States has one witness coming from New Jersey, who would be prejudiced by any attempt to conduct a trial which would be only a legal nullity.

WHEREFORE, the Government respectfully moves this Court to rule on its two pretrial Motions For Order On The Admissibility Of Evidence Pursuant To Rule 104, or to at least rule on the portion of its first Motion (Doc. 34) relating to segments of the

4

videotapes which are the subject of the indictment, no later than the Friday before the trial setting in this case, that is, March 20, 2009.

<div style="margin-left:40%">

Respectfully submitted,

Matt J. Whitworth
Acting United States Attorney

By   */s/Katharine Fincham*

Katharine Fincham  #32570
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 E. 9th Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

</div>

<div style="text-align:center">

CERTIFICATE OF SERVICE

</div>

The undersigned certifies that a copy of the foregoing was served this 16th day of March, 2009, by electronic notice on those parties having entered their appearance under the Electronic Filing System (ECF) and by U.S. Mail, postage prepaid, on those parties having requested notice by conventional service.

K. Louis Caskey
1102 Grand Blvd., Suite 800
Kansas City, MO 64106

<div style="margin-left:45%">

*/s/Katharine Fincham*
Katharine Fincham
Assistant United States Attorney

</div>

KF/blw

<div style="text-align:center">5</div>