IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CALVIN ANTHONY LEAR,<br><br>Defendant. | Case No. 07-00237-01-CR-W-DGK |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

The United States, through Acting United States Attorney Teresa A. Moore and Assistant United States Attorney Alison D. Dunning respectfully objects to the defendant's request for early termination of his supervised release. In support of this response the Government states the following:

I.  **Background**

On October 29, 2009, the defendant, Calvin Anthony Lear, was sentenced to a total of 78 months' imprisonment following his convictions after jury trial for seven counts of receipt of child pornography over the internet, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252 (a)(4). In addition, the Court ordered that upon release from imprisonment the defendant was to serve a 10-year term of supervised release for each count of conviction to be served concurrently. (D.E. 80.)[1]

The facts of the underlying case detail that in February 2006, a Federal Bureau of Investigation (FBI) Special Agent in Kansas City received a tip about a website that contained child pornography. The Special Agent visited the website and found that the advertising pages of

---
[1] "D.E." refers to the district court docket entry.

the site featured only child pornography. The Special Agent observed child pornography images on the website, some depicting prepubescent children, and the site referred to itself as dedicated to "basic pure child porno." The investigation identified the defendant as one of the users and subscribers to the site.

On April 14, 2006, investigators from the FBI and the Gladstone, Missouri Police Department served a search warrant on the defendant's residence in Gladstone, Missouri. During a subsequent interview, the defendant admitted he had purchased subscriptions to approximately twelve pornography websites within the prior year. He estimated that two of the websites contained child pornography. The defendant said he began viewing child pornography about three or four years prior. The defendant said he was "curious" about child pornography and stated several times that he knew it was wrong and he wished he could stop. The defendant admitted that he saved some of the child pornography photographs and movies to his computer hard drive, and possibly to other devices although he could not recall for sure. Several electronic devices, including a computer, zip drive, thumb drive, CDs, floppy discs, and a personal digital assistant were recovered from the defendant's home.

The defendant was also identified as a subscriber to additional child pornography websites through two separate investigations conducted by the Suffolk County, New York Police Department, and the Department of Homeland Security's Bureau of Immigration and Customs Enforcement (ICE). In the New York investigation, logs of the website under investigation showed that an IP address later associated with the defendant accessed the website multiple times from March to April 2005. Additionally, the defendant paid $89 in March 2005 to a billing company for the website. The website under investigation by ICE used a billing company that

disguised itself as a company selling anti-spy software. Using that billing site, the defendant paid subscriptions in the amount of $79.99 each in February and March 2006.

During a forensic examination of the defendant's computer, a document was found that contained a list of uniform resource locators (URLs or website addresses). One of the websites listed (different from the one that initiated the investigation) was devoted exclusively to child pornography. Evidence that the defendant visited this website was located on the defendant's computer. A different website listed in the document was dedicated to discussion regarding adult men who are sexually attracted to minor boys. Evidence of the defendant's involvement with the websites in the New York and ICE investigations was also found during the forensic examination of the defendant's computer.

Among the child pornography visual depictions located on the defendant's computer were the following:

- A video depicting an apparent prepubescent boy and girl engaging in oral sex;
- A video depicting two minor boys engaged in anal sex;
- A video depicting two prepubescent boys touching the penis of an adult male, and the adult male touching the penis of one of the boys;
- A video depicting a minor boy touching the penis of an apparent adult male;
- A video depicting what appears to be a minor boy who is nude and rubbing an object on his penis;
- A video depicting two minor boys engaging in anal sex; and
- A video of a prepubescent boy rubbing his penis on the genitals of a prepubescent girl.

(*See generally* PSR ¶¶ 9-51.)

The defendant served his sentence of imprisonment and his supervised release term began on November 21, 2014. (D.E. 93.) The defendant's term of supervision is set to expire on November 20, 2024. (*Id.*) The convictions require that the defendant register as a sex offender pursuant to both the federal Sex Offender Registration and Notification Act (SORNA), and Missouri state law.

On May 24, 2021, the defendant filed a motion for early termination of his supervised release. (D.E. 93.) Although the defendant states he has a "great job" which "leverage[es] [his] educational background in Computer Information Systems," he asserts that the restrictions on his computer and internet usage have hindered his ability to "fully rejoin[ ]" his profession. (*Id.* at 11.)

The Government and the United States Probation Office object to the defendant's request for early termination and believe that continuation of supervision will afford adequate deterrence and protect the public. In its objection (D.E. 93), the Probation Office notes that the defendant has had a monitored computer for only approximately six months. While the defendant has not had any issues in this brief time, should the defendant's motion be granted, the defendant "will be free to utilize the computer and/or internet in any manner he so chooses, which is concerning given the instant offense." (*Id.* at 2.) Further, the Probation Office notes the defendant's positive strides but states the severity of the underlying offense cannot be ignored. (*Id.*) In support of its position in opposition to the defendant's motion, the Government provides the following points, authorities, and arguments.

## II.    Discussion

Based on the nature and circumstances of the underlying offenses and the history and characteristics of the defendant, the Government asserts the 10-year term of supervision originally imposed at the time of sentencing is appropriate and should be enforced. In addition, continued supervision will be a deterrent to criminal conduct and will protect the public. The defendant's Probation Officer has filed an opposition to the defendant's request for early termination. (*See generally* D.E. 93.) The defendant should remain on supervision to ensure long-term success in the community.

Supervised release may be terminated early if a court, "after considering the factors set forth in sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1)[2]. Among courts that have considered what showing a defendant must make concerning conduct that would warrant early termination, the majority rule appears to be that "mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination." *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) (collecting cases); *United States v. Kattom,* 2009 WL 3783783 (E.D. Ark. Nov. 10, 2009) ("Mere compliance with the term of probation does not justify early termination because compliance is expected … [w]ithout more, early termination cannot be justified."); *United States v. Dorner*, 2010 WL 697257, (E.D. Wis. 2010) (unpublished) (denying motion for early termination without hearing of defendant convicted of child pornography offense seeking early termination of supervised release who claimed, *inter alia*, that conditions were too restrictive—court found defendant did not illustrate exceptionally good behavior); *see also United States v. Miller*, 205 F.3d 1098, 1100-01 (9th Cir. 1999); *Karacsonyi v. United States*, 152 F.3d 918 (Table), 1998 WL 410273, *1 (2d Cir. 1998) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release."); *United States v. Fenza*, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013) ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release

---

[2] Those factors are: (a)(1) nature and circumstances of the offense and history and characteristics of the defendant; (a)(2)(B) to afford adequate deterrence to criminal conduct; (a)(2)(C) to protect the public from further crimes of the defendant; (a)(4) the kinds of sentences and the sentencing range established [under the Sentencing Guidelines]; (a)(5) any pertinent policy statement [under the Guidelines]; (a)(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (a)(7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553.

and does not warrant early termination."); *United States v. Grimaldi*, 482 F. Supp. 2d 248, 250 (D. Conn. 2007); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); *United States v. Yung*, 1998 WL 422795, *1-*2 (D. Kan. June 12, 1998). (*But see, United States v. Shaw*, 445 F. Supp. 3d 1160, 1166 (D. Colo. March 5, 2020)("The Court need not look beyond its own docket to conclude that it is unnecessary for all persons under supervised release to show exceptionally good behavior to warrant early termination."); *United States v. Harris*, 258 F. Supp. 3d 137, 149-50 (D.D.C. July 7, 2017)("construing § 3583(e)(1) to require the defendant to exhibit objectively extraordinary or unusual conduct during supervision is a stretch not expressed in the statutory text.").

The defendant is doing what is expected and required by the terms of his supervised release, and in his request for early termination he sets out the benefits he has received – and continues to receive – from supervision. (*See generally* D.E. 92.) Compliance with the terms of release is consistent with the expectations of the Court. The defendant's underlying crimes are serious in nature, and both the criminal justice system and the general public give weighty consideration to his criminal activity. Although the defendant's progress on supervision is laudable, continued supervision will ensure his progress remains on course and will help secure long-term success.

There are adverse consequences and criminal justice requirements for those convicted of federal felony offenses. Supervised release is a consequence inherent in the federal system. In light of the sentencing purposes for which the 10-year term of supervised release was imposed, the interests of justice are best served by requiring the defendant to complete the full term of his supervised release.

**III.     Conclusion**

WHEREFORE, the Government respectfully requests that this Honorable Court, deny the defendant's motion for early termination of his supervised release.

        Respectfully submitted,

        Teresa A. Moore
        Acting United States Attorney

By    */s/ Alison D. Dunning*

        Alison D. Dunning
        Assistant United States Attorney
        Special Victims Unit
        Charles Evans Whittaker Courthouse
        400 E. 9th Street, Room 5510
        Kansas City, Missouri 64106
        Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on this 7th day of June 2021, to the Electronic Filing System (CM/ECF) of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record, and was delivered to the defendant and Probation Office.

        Calvin Anthony Lear
        506 W. 38th Street N.
        Independence, Missouri 64050

        Matthew Walterbach
        U.S. Probation Office
        400 E. 9th Street, Room 4510
        Kansas City, Missouri 64106

        /s/ Alison D. Dunning
        Alison D. Dunning
        Assistant United States Attorney